GUILLERMO ATILES MORÉU, Manager of the State Insurance Fund, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent; CARMEN ABRÉU SERRANO, Injured person.

No. 371. Argued February 3, 1948.—Decided March 19, 1948.

*Angel de Jesús Matos, M. Maldonado Pacheco* and *Aida Casaña Marengo,* for petitioner. The injured workwoman did not appear.

416

Mr. Justice De Jesús delivered the opinion of the Court.

When the accident that gave rise to this appeal took place Carmen Abréu Serrano, a workwoman, had been working regularly for two or three weeks for an employer in the gathering of cotton. At the request of the employer's wife, and with his consent, the workwoman left her farming labor in which she had been engaged to scrub the floor of employer's house. This work was to last three days. She washed the floor on the first day and when returning on the following morning to renew her work she found that the house was still closed. While she waited in the backyard for the house to be opened, a truck of the employer which at that moment was leaving the garage caused an injury in her foot.

The Manager of the State Insurance Fund investigated the case and denied compensation because the task the workwoman was going to perform on the day she received the injury was expressly excepted from the effects of the Workmen's Compensation Act. The workwoman appealed to the Industrial Commission which decided that the accident was compensable.

The Manager appealed to this Court. To support his contention he invokes § 2 of the Workmen's Compensation Act, which expressly excepts from the Act any workman or employee engaged in domestic service. The Industrial Commission admits that workmen engaged in domestic services are not protected by the Act. Notwithstanding this it decided that the accident was compensable because the workwoman had been taken from her regular work with the consent of her employer and that she received the injury while she was in his premises. Section 25 of the Act, as amended by Act No. 162 of May 14, 1943 (page 524), cited by the Manager, provides that "all the operations of the employer shall be covered by one sole policy" and "new operations not covered by the original policy shall be cov-

ered by notices subject to the approval of the Manager, or by extensions of policies." Since the Act is not applicable to workmen employed in domestic service, the employer could not cover this risk either by the original policy or by a notice or extension thereof. It would be a different matter if the workwoman had been taken from a work in which the employer was insured to an insurable one, but not covered by the policy, in which case the employer would be considered uninsured. This is not the case before us. Here the policy covered the risk of agriculture in general but the workwoman was taken from her agricultural work to do domestic labor which is not insurable.

In view of the specific provisions of §§ 2 and 25 of the Act, the fact that the accident took place while the workwoman was within the property of the employer and that she was taken from her regular work lacks any legal consequence within the circumstances of this appeal.

The decisions under review is reversed and the Industrial Commission is ordered to render another affirming the decision of the Manager of the State Fund.